Victor FRANKFURT et al., Appellants,

v.

CITY OF DALLAS, Appellee.

No. 15220.

Court of Civil Appeals of Texas.

Dallas.

Feb. 8, 1957.

Rehearing Denied March 8, 1957.

Horace G. Goodrich, Dallas, for appellants.

H. P. Kucera, City Atty., Jon H. Shurette, A. A. McDaniel and C. C. Wells, Asst. City Attys., Dallas, for appellee.

CRAMER, Justice.

This is a condemnation proceeding involving a tract of land within the City of Dallas, on Highway 175, and containing 8,707 sq. ft. The only controverted question of fact on the trial was the value of the land taken and the damage to the remaining portion of the tract. The jury found (1) the market value of the land condemned to be $3,482.80, and (2) that the balance of the tract was not decreased in value as a result of the taking; and, the trial court having instructed the jury that if they answered issue No. 2, "No", not to answer issues 3 and 4, such issues were not answered. Judgment was entered awarding the land to the City for the purposes set out in the petition and ordered $3,482.80 paid to Frankfurt et al. out of the deposit made by the City with the Clerk based on the Commissioners' award, and ordered the balance of such deposit returned to the City. Appellants have duly perfected this appeal from such judgment, here briefing five points of error.

■ Point 1 asserts error in admitting testimony of the witness Watts with reference to appellee's exhibits 2 and 3, and to the admission of said exhibits into evidence in the light of the witness's own testimony that the aerial photographs did not reflect a true and accurate reproduction of the appellants' property. Appellee counters that there was no error in such action because the exhibits were properly identified, they accurately portrayed the condition on the ground, and showed the condemned property and the neighborhood surrounding it.

The City's exhibits 1, 2, and 3 were:

Plaintiff's Exhibit No. 2

Watts, a registered professional engineer, employed by the City, testified he had been in engineering work since 1924; 28 years with the City of Dallas; now senior engineer; also assistant engineer of surveys; is familiar with the property in question; that the map in evidence accurately and correctly shows the land condemned; the square-footage of the total land taken is 8,707 sq. ft.; that the remainder totals 25,313 sq. ft. and that the total before the taking was 34,020 sq. ft. The exhibits show the neighborhood as it existed and the relative position of the improvements, and though questioned by other evidence, was sufficient to support the admission of the exhibits involved. Point 1 is overruled.

■ Point 2 asserts error in admitting testimony of appellee's witness as to the price paid for the property by appellants and as to the prices for which the property was previously sold; countered that there was no error therein because (a) no objection was made at the time such evidence was introduced; (b) both sales were made within 1½ years of the date of the taking.

The witness, over objection of appellants, was permitted to testify as to the various prices for which the tract of land here involved had previously been sold. The substance of appellants' contention is that: "In this ruling it is not the belief of appellants that the courts intended that such comparable sales should be determined by or based on the prior sales price of the property involved. It is well known that property may be sold at various times, and under various circumstances, for much less than it is actually worth, by an owner who may be, at the time, hard-pressed for funds and willing to sacrifice a given piece of land at a price below the cash market value. The attempt on the part of appellee to introduce such previous sales prices on the land involved, which was definitely far below the present cash market value of the existing land, even by testimony of its own witness, was done strictly for the purpose of prejudicing the jury as to the true present cash market value of the property involved. The cash market value was being based upon the willing seller and the willing buyer theory, and not a sale made in distress or under pressure." That such evidence was prejudicial, not a proper basis for the determination of the true cash market value of the property, not being based upon the true cash market value or upon a comparable sale; therefore was improperly admitted over a proper objection thereto.

The record shows no objection to the court's charge to the jury; also shows an instrument styled "Court's Response to Defendants' Request for Findings of Fact and Conclusions of Law," which states: "On this day came on to be considered the request of the Defendants in this cause for findings of fact and conclusions of law and the Court finds that this cause was called for trial on April 26, 1956, and both sides announced ready, and that prior to the commencement of the trial the Defendants filed a stipulation wherein the Defendants admitted that the City of Dallas has the right and power to condemn the property in question; that all proceedings theretofore had were in legal order and properly conducted and that the only matters remaining for determination were the market value of the property condemned and the damages to the remainder, if any. The Court further finds that on said day the case proceeded to trial before a jury and at the conclusion of the trial Special Issues were submitted to the jury and a finding was made upon the issues by the jury that the value of the land taken was $3,482.80 and that the Defendants' remaining tract did not decrease in value; that during the course of the trial and thereafter no issues were raised other than those set out above which were contained in the Special Issues submitted to the jury and upon which findings were made by the jury.

"In view of the admissions filed by the Defendants and the findings by the jury, as noted above, there remains no issues of fact or points of law upon which the Court can, or is required, under Rule 296, Texas Rules of Civil Procedure, or any other Rule or Statute to make a finding of fact and conclusion of law and the Defendants' Request for same is hereby in all things denied by the Court."

Under such record, no reversible error is shown by point 2. It is overruled.

Point 3 asserts error in admitting the evidence of appellee's witness Coon as to comparable sales in the vicinity for the reason that the sales testified to were not comparable sales in that "the appellants' property is one large tract of approximately 34,000 square feet; located at a corner position, while the sales testified to by the witness covered the sales of three lots, 50 ft. by 150 ft., or residential size lots, two of which were adjoining, and the third separated by another lot, and all of said lots were located in the middle of the block and some distance back from the corner position, therefore not being comparable in size, location or value." Countered that there was no error therein because (a) no objection was made to the testimony at the

time of the trial; (b) the witness testified the comparable property was similarly zoned in the vicinity of the condemned property; sales were made within five years; that the comparable property was as good as, or better than the condemned property and was, in the witness's opinion, comparable. Our examination of the statement of facts shows that appellee was correct that there was no objection to the evidence complained of by appellants; that a witness, John R. Coon, testified for appellee City; that appellants' land was sold in 1954 for 23½ cents per sq. ft., and again sold in January 1955 to appellants Frankfurt and wife and Universal Home Builders, Inc., for 29.4 cents per sq. ft. Witness Coon also testified he was a member of the Real Estate Board, and an appraiser for 25 years; that the market value of the land taken was 40 cents per sq. ft.; also testified to comparable sales within five years before the sale here made in the vicinity of appellants' land and that the sales prices ranged from 9 cents to 46 cents per sq. ft.; that the property was zoned for business; was unimproved land. Such evidence, not objected to, in our opinion made a question of fact on value for the jury. Reeves v. City of Dallas, Tex.Civ. App., 195 S.W.2d 575 (n. r. e.); City of Dallas v. Shackelford, Tex.Civ.App., 200 S.W.2d 869. Point 3 is overruled.

Point 4 asserts error of the trial court in overruling appellants' objections to the submission of special issue No. 2 for the reason that such issue was unnecessary in view of the decision of the Supreme Court, and further same is confusing to the jury and prejudicial to the cause of appellants in that it deprives appellants of having the jury consider the two remaining vital issues required by State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 89 S.W.2d 979; and City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808; to-wit, issues as to the before and after cash market value of the remainder of their property in their deliberations. Point 4 is countered that there was no error in submitting issue 2 because, (a) " * * *

the evidence on that point was conflicting, and the three expert witnesses for appellee testifying there were no damages to the remainder, two of appellants' witnesses testifying that there were damages to the remainder, and the other witness for appellants testifying on cross-examination that there were no damages, and testifying on redirect-examination that there were damages; (b) because Article 3265, Section 3, setting out the rule of damages in a condemnation matter, requires a determination as to whether or not the remainder is increased or decreased in value by reason of the condemnation; (c) because a controlling and ultimate issue was raised by the conflicting testimony on the point, thus requiring submission on same under Rule 279; (d) because the evidence on the point of whether or not there were damages to the remainder was sharply conflicting, and had the trial judge refused to submit an issue inquiring whether or not there were damages to the remainder prior to inquiring as to the amount in the 'before' and 'after' issues, then the court would have left an inference with the jury that there were damages to the remainder; (e) because at the commencement of the trial, appellants admitted that all the condemnation proceedings were in order and that only the question of damages remained, thus assuming the burden of proof and gaining the right to open and close, and under these circumstances had the trial court submitted the 'before' and 'after' issues inquiring as to the amount of damages without first submitting an issue on the ultimate and controlling question of whether in fact there were any damages to the remainder would have placed the burden on appellee to disprove damages, contrary to the law; (f) had the court not preceded the before and after question with a yes or no question as to whether the remainder was damaged or not, under the conflicting evidence in this case, it would have required the jury to weigh in each instance, increase in value and decrease in value, thus making the issues multifarious."

Appellants state: "The trial court, in submitting its special issues for consideration of the jury, complied with the first special issue, as set out in State v. Carpenter and the City of Austin v. Cannizzo, and further complied with the holding of the court by the submission of its special issues No. 3 and 4, covering the market value of the land immediately before the condemnation and immediately after the condemnation; but it is the contention of appellants herein that the trial court, in total disregard of the holding of both the above-cited cases, and upon the request of the appellee, the City of Dallas, in order to make a test case of this proposition, committed error by inserting between special issue # 1 and special issue # 3, a special issue prepared and suggested by the City of Dallas, over the stringent objection of the appellants, a special issue # 2, worded as follows: 'From a preponderance of the evidence, do you find that the reasonable cash market value of the remainder of appellants' land, that is, the balance of his abutting property, other than the land, inquired about on special issue # 1, above, was decreased in value as a result of the condemnation by the City of Dallas? An-swer "Yes" or "No." Answer ————. If you have answered the preceding special issue "No", then you need not answer the following special issues, but if you have answered the preceding special issue # 2 "yes", then you will answer special issues # 3 and 4.' It is the contention of the appellants herein that by the inserting of special issue # 2 between special issue # 1 and special issues # 3 and 4, and by the inclusion of this special issue in any form, that the trial court has clouded the consideration by the jury of those three necessary issues involved in the case. The three special issues specifically, clearly and definitely set out as being the only issues necessary to be considered in a case of this identical type, by at least two definite decisions of the Supreme Court of the State of Texas, to-wit: State v. Carpenter, and City of Austin v. Cannizzo. Citations on both of these cases are hereinabove included." And that the submission of issue 2 in the case

was prejudicial to them in that it deprived the jury of a full and complete study of the facts and complete deliberation on the evidence and testimony; tended to confuse the jury both by its wording and meaning and the accompanying instruction and means of cutting short and avoiding the necessary full consideration of all facts necessary to remaining vital issues to their prejudice. And further that the instruction deprived them of two very vital points which should be very carefully and thoroughly gone into by the jury in rendering its decision.

■ The evidence here made a question of fact as to whether the market value of the property remaining after the condemned property was severed was decreased in value and as to the value before and after taking. The transcript shows no objection to the submission of issue No. 2. In fact no objection to the charge at all by appellants. Without objection thereto the conditional submission of issues 3 and 4 cannot be considered. Art. 3265, R.C.S.1925, subd. 3, provides: "When only a portion of a tract or parcel of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner; *whether the remaining portion is increased or diminished in value by reason of such condemnation,* and the extent of such increase or diminution and shall assess the damages accordingly." (Emphasis ours.)

The special issue as to diminished value, as well as the amount thereof, was for the jury. However, without objection to the conditional submission of issues 3 and 4, we cannot consider the defect, if any, in the charge herein complained of. Point 4 is overruled.

■ Point 5 asserts the verdict is contrary to the evidence, in that there was definite evidence that the remainder of the property would be damaged by the taking of the proposed tract for any future use that it might have in connection with its zone restrictions. Countered that there is

ample evidence to support the finding that the market value of the remainder of the property was not reduced as the result of the condemnation. The only question here is whether there is sufficient evidence to support the finding to issue 2. The evidence being directly controverted, the testimony of the witnesses Blair and Wilson was sufficient to support the finding. Witness Blair testified in substance that the property in question was located nine miles from the Courthouse; that his real estate office is a mile and a quarter from the condemned property; that he had lived in the vicinity of the property all of his life, and had been familiar with the property for 64 years; that the remainder was worth 40 cents per square foot before the taking and $1 per square foot after the taking. John R. Coon testified the remainder was worth 30 cents per square foot before the taking and 50 cents per square foot after the taking. Witness Luther Wilson testified the remainder of the land was worth 40 cents per square foot before the taking and 40 cents per square foot after the taking. Point 5 is overruled.

Finding no error in the trial court's judgment, it is

Affirmed.